UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DIRECTV, INC.,**

      v.                                      5:03-CV-644 (HGM/GJD)

**NASRIN GOLLY, JUAN CRUZ,
TERRY DEMOTT, STEVEN GARLOW,
TOM MOSANO, ALLISON CORONA,
ANNA JONES,**
                  Defendants.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| GARVEY SCHUBERT BARER | MARIO AIETA, ESQ. |
| Attorneys for Plaintiff | ROBERT C. CARRILLO, ESQ. |
| 599 Broadway, 8th Floor | |
| New York, New York 10012 | |

NASRIN GOLLY
Defendant

JUAN CRUZ
Defendant

TERRY DEMOTT
Defendant

STEVEN GARLOW, *pro se*
Defendant
723 Center Street
Cleveland, New York 13042

TOM MOSANO
Defendant
122 Main Street
Lake Placid, New York 12946

ALLISON CORONA
Defendant

ANNA JONES
Defendant

**HOWARD G. MUNSON**
**Senior United States District Judge**

## MEMORANDUM - DECISION AND ORDER

Plaintiff, Directv, Inc. ("DIRECTV"), a satellite television provider, filed a complaint against defendants pursuant to the Federal Communication Act of 1934, 47 U.S.C. § 605, and the Federal Wiretap Laws, 18 U.S.C. § 2510 *et seq*. DIRECTV generally alleges that defendants purchased illegally modified DIRECTV access cards and pirate access devices (PADs) and used them to intercept DIRECTV satellite communication broadcasts without authorization or payment. *See* Dkt. No. 1, Compl. at ¶ 3. Currently before the court is DIRECTV's motion for default judgment against defendant Tom Mosano pursuant to Local Rule 55.2(b) and Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## BACKGROUND

On May 25, 2001, DIRECTV, with the assistance of local law enforcement, executed several writs of seizure upon a mail shipping facility used by several sources of pirate technology including Vector Technologies and DSS-Stuff. Id. at ¶ 3. As a result of the seizures, DIRECTV obtained possession of sales and shipping records, email communications, credit card receipts and other assorted records that documented defendants' purchases of "illegally modified DIRECTV Access Cards" and PADs. Id. DIRECTV filed the instant complaint on May 23, 2003, alleging that Mosano had purchased a PAD on March 1, 2001, *see* id. at ¶ 12. DIRECTV further alleges that Mosano used his PAD to decrypt and view DIRECTV's satellite television transmissions and thus intentionally and improperly received and/or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization. *See* id. at ¶¶ 20, 24 and 28. The Clerk of the Court entered default judgment against Mosano on September 23, 2004, *see* Dkt. No. 30. The instant motion followed.

2

**DISCUSSION**

**I.      Legal Standard: Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment. First a plaintiff must obtain a default. When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may notify the court of such, and Rule 55(a) empowers the clerk of the court to enter a default against a party that has not appeared or defended. Second, having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b). Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear and is not an infant or incompetent person. *See* Fed.R.Civ.P. 55(b)(1). "In all other cases," Rule 55(b)(2) governs, and it requires a party seeking a judgment by default to apply to the court for entry of a default judgment. *See* New York v. Crotty, 2005 WL 1983919, at *3 (2d Cir. Aug. 18, 2005); *see generally* Fed.R.Civ.P. 55. "It is well established that a defendant who fails to appear or otherwise defend against a Complaint admits every 'well plead allegation' of the complaint." Time Warner Cable of New York City v. Browne, 2005 WL 567015, at *1 (S.D.N.Y. May 10, 2000) (citing Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971)).

**II.     Liability**

The Federal Communication Act provides that "No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). The Second Circuit has held that 47 U.S.C. § 605 applies "in cases involving the sale of descrambling devices as long as the head end of the cable system at issue receives at least some radio transmissions." Community Television Systems, Inc. v. Caruso, 284 F.3d 430, 435 (2d Cir. 2002). Similarly, 18 U.S.C. 2511(1)(a) prohibits conduct that

"intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication."

By failing to appear in this action, Mosano admits to the following conduct: (1) interception of DIRECTV's satellite transmission without prior authorization or payment; (2) knowingly distributing and modified signal theft devices for the unauthorized decryption of DIRECTV's satellite transmissions; (3) procuring other persons to use these devices; and, (4) mailing or transporting these interception devices through interstate commerce. *See* Dkt. No. 1, Compl. at ¶¶ 20, 24 and 28. Accordingly, DIRECTV is entitled to a default judgment against Mosano for violating the Federal Communication Act of 1934, 47 U.S.C. § 605(a) and the Federal Wiretap Law, 18 U.S.C. 2511(1)(a).

**III.   Statutory Damages**

Both the Communications Act and the Federal Wiretap law authorize statutory damages for violations of their provisions. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II); 18 U.S.C. § 2520(c)(2)(B). Statutory damages under 18 U.S.C. 2520(c)(2)(B)[1] are discretionary. *See* Schmidt v. Devino, 206 F.Supp.2d 301, 306 (D.Conn. 2001). The court's discretion, however, is limited to either "awarding the full amount of statutory damages or no damages at all." Goodspeed v. Harman, 39 F.Supp.2d 787, 791 n. 6 (N.D.Tex. 1999).

Under 47 U.S.C. § 605(e)(3)(3)(i)(II), aggrieved parties are entitled to statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just . . .." The Second Circuit has typically interpreted a violation as using one PAD. *See e.g.,* Int'l Cablevision, Inc. v. Sykes, 997 F.2d 998, 1007 (2d Cir. 1993).

Here, DIRECTV alleges that Mosano purchased a PAD. DIRECTV seeks a default

---

[1] 18 U.S.C. § 2520(c)(2)(B) states that the "court may assess as damages whichever is the greater the greater of . . . , the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000."

judgment for statutory damages in the amount of $10,000. DIRECTV also argues that the statutory damages are proper because its actual damages cannot be calculated due to Mosano's failure to file an answer and provide discovery. It is undisputed that Monsano has neither appeared before nor provided the court with any reasonable inference, fact or defense to invalidate DIRECTV's entitlement to statutory damages under the statutes.

Accordingly, DIRECTV is entitled to a default judgment for statutory damages in the amount of $10,000 as against Mosano.

## IV.     Attorneys' Fees and Costs

DIRECTV also seeks recoupment of costs and attorney's fees. Under 47 U.S.C. § 605(e)(3)(B)(iii), a court "shall direct the recovery of full costs, including the award of reasonable attorney's fees to an aggrieved party who prevails." In support, DIRECTV submits an attorney's declaration with attached time records of the work performed in prosecuting the instant action. DIRECTV's submissions are in accordance with the procedural requirements as set forth in New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983).

Courts in the Northern District, however, follow the lodestar method. *See* O'Grady v. Mohawk Finishing Prods., Inc., 1999 WL 309888, at *2 (N.D.N.Y. Jan. 15, 1999). The hourly rate portion of the lodestar should represent the rates prevailing in the Northern District "for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.1, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Until recently, the prevailing rates in the Northern District are $175 per hour for the most experienced attorneys, $125 per hour for attorneys with four or more years of experience, $100 per hour for attorneys with less than four years of experience, and $65 per hour for work done by paralegals. *See, e.g.,* N.Y. State Teamsters Conference Pension & Ret. Fund v. United Parcel Serv., Inc., 2004 WL 437474, at *2 (N.D.N.Y. Feb. 27, 2004). Earlier this year, however, the Northern District revised its hourly rates, finding

appropriate $210 for experienced attorneys, $150 for associates with more than four years experience, $120 for associates with less than four years experience [and] $80 for paralegals." <u>Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany</u>, 2005 WL 670307, at *6 (N.D.N.Y. Mar. 22, 2005). Based on the foregoing, the court modifies DIRECTV's request for attorney's fees as follows:

**Attorneys' Fees**

| Attorney/ Staff Member | Requested Hourly Rate | Requested Hours | Requested Amount | Allowed Hourly Rate | Allowed Hours | Allowed Amount |
|---|---|---|---|---|---|---|
| Attorney Aieta, Mario A. | $400 | 0.143 | $57.20 | $210 | 0.143 | $30.03 |
| Attorney Carrillo, Roberto | $190 | 0.322 | $61.18 | $120 | 0.322 | $38.64 |
| Attorney Greco, Paul V. | $400 | 0.269 | $107.60 | $210 | 0.269 | $56.49 |
| Attorney Jacobsen, Daniel | $200 | 0.143 | $28.60 | $150 | 0.143 | $21.45 |
| Attorney Oster, Steven M. | $350 | 0.352 | $123.20 | $210 | 0.352 | $73.92 |
| Paralegal Brons, Gwen | $95-120[2] | 0.231 | $21.95 | $80 | 0.231 | $18.48 |
| Paralegal Gerard, David J. | $110 | 0.782 | $86.02 | $80 | 0.782 | $62.56 |

---

[2] For purposes of this table, the court uses the $95 figure.

| Paralegal Ghile, Daniela M. | $95 | 0.044 | $4.18 | $80 | 0.044 | $3.52 |
| Assistant Bechutsky, Linda | $95 | 0.033 | $3.14 | $80 | 0.033 | $2.64 |
| Assistant Ferguson, Bobby L. | $95 | 0.022 | $2.09 | $80 | 0.022 | $1.76 |
| Assistant Woodhouse, Dawn E. | $95 | 0.022 | $2.09 | $80 | 0.022 | $1.76 |
| | | | **Total Amount Requested: $499.34** | | | **Total Amount Allowed: $311.25** |

The amount of attorney's fees is $311.25 plus costs, which amount to $82.15. Accordingly, DIRECTV is entitled to a total amount of $393.40 for attorney's fees and costs.

## CONCLUSION

**WHEREFORE,** after careful consideration of the file in this matter and the applicable law, and for the reasons stated herein, it is hereby,

**ORDERED,** that DIRECTV's motion for entry of default judgment is **GRANTED**; it is

further

**ORDERED,** that the Clerk of the Court enter judgment for DIRECTV in the amount of $10,393.40, which is comprised of $10,000 in statutory damages and $393.40 in attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: September 30, 2005
Syracuse, New York

*/s/ Howard G. Munson*
Howard G. Munson
Senior U.S. District Judge