UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DIRECTV, INC.,**

    v.                                                5:03-CV-644 (HGM/GJD)

**JUAN CRUZ,**

       Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| GARVEY, SCHUBERT, BARER | AMY B. JONES, ESQ. |
| 599 Broadway | ROBERTO C. CARILLO, ESQ. |
| 8th Floor | |
| New York, NY 10012-3235 | |
| *Attorneys for Directv* | |
| | |
| FROSS ZELNICK LEHRMAN & ZISSU, P.C. | MARIO AIETA, ESQ. |
| 866 United Nations Plaza | |
| New York, NY 10017 | |
| | |
| JUAN CRUZ | |
| *Defendant*, Pro Se | |

**HOWARD G. MUNSON**
**Senior United States District Judge**

## MEMORANDUM - DECISION AND ORDER

Plaintiff, Directv, Inc. ("DIRECTV"), a satellite television provider, filed a complaint against defendant Juan Cruz ("Cruz") pursuant to the Federal Communication Act of 1934, 47 U.S.C. § 605, and the Federal Wiretap Laws, 18 U.S.C. § 2510 *et seq.* DIRECTV generally alleges that Cruz purchased pirate access devices ("PADs") and used them to intercept DIRECTV satellite television broadcasts without authorization by or payment to DIRECTV. *See* Dkt. No. 1, Compl. at ¶¶ 3, 4. Currently before the Court is DIRECTV's motion for default judgment against Cruz pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## BACKGROUND

On May 25, 2001, DIRECTV, with the assistance of local law enforcement, executed several writs of seizure upon a mail shipping facility used by several sources of pirate technology including Vector Technologies and DSS-Stuff. Dkt. No. 1, Compl. at ¶ 3. As a result of these seizures, DIRECTV obtained possession of sales and shipping records, email communications, credit card receipts and other assorted records that documented Cruz's purchase of "illegally modified DIRECTV Access Cards" and PADs. Id. DIRECTV's complaint alleges that on March 23, 2001, Cruz purchased one or more PADs consisting of a printed circuit board device called a bootloader from DSS-Stuff. *See* id. at ¶ 9. DIRECTV further alleges that Cruz used his PADs to surreptitiously decrypt and view DIRECTV's satellite television transmissions and thus intentionally and improperly received and/or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization. *See* id. at ¶¶ 20, 24 and 28. The Clerk of the Court entered default judgment against Cruz on October 11, 2006, and the instant motion followed. *See* Dkt. Nos. 56 and 57. DIRECTV seeks judgment in the amount of $10,000 pursuant to 18 U.S.C. § 2520(c)(2)(B) and 47 U.S.C. § 605(e)(3)(C)(i)(II) plus attorneys' fees and costs pursuant to 18 U.S.C. § 2520(b)(3) and 47 U.S.C. § 605(e)(3)(B)(III). *See* Dkt. No. 57, Jones Decl. at ¶ 6.

## DISCUSSION

### I.     Legal Standard: Default Judgment

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Time Warner Cable of New York City v. Browne, 2005 WL 567015, at *1 (S.D.N.Y. May 10, 2000) ("It is well established that a defendant who fails to appear or otherwise defend against a Complaint admits every 'well plead allegation' of the complaint.") (citing Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971)). Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default

2

judgment. First a plaintiff must obtain a default. When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may notify the court of such, and Rule 55(a) empowers the clerk of the court to enter a default against a party that has not appeared or defended. Second, having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b). Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear and is not an infant or incompetent person. *See* FED.R.CIV.P. 55(b)(1). "In all other cases," Rule 55(b)(2) governs, and it requires a party seeking a judgment by default to apply to the court for entry of a default judgment. *See* New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005); *see generally* FED.R.CIV.P. 55.

## II.     Liability

The Federal Communication Act provides that "[n]o person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). The Second Circuit has held that 47 U.S.C. § 605 applies "in cases involving the sale of descrambling devices as long as the head end of the cable system at issue receives at least some radio transmissions." Community Television Systems, Inc. v. Caruso, 284 F.3d 430, 435 (2d Cir. 2002). Similarly, 18 U.S.C. § 2511(1)(a) provides that any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication . . . shall be subject to suit . . . ."

By failing to appear in this action, Cruz admits to the following conduct: (1) interception of DIRECTV's satellite transmission without prior authorization or payment; (2) knowingly distributing modified signal theft devices for the unauthorized decryption of DIRECTV's satellite transmissions; (3) procuring other persons to intercept or endeavor to intercept DIRECTV's satellite

3

transmission of television programming; and, (4) mailing or transporting these PADs through interstate commerce. *See* Dkt. No. 1, Compl. at ¶¶ 20, 24 and 28. Accordingly, DIRECTV is entitled to a default judgment against Cruz for violating the Federal Communication Act of 1934, 47 U.S.C. § 605(a) and the Federal Wiretap Law, 18 U.S.C. 2511(1)(a).

## III. Statutory Damages

Both the Communications Act and the Federal Wiretap law authorize statutory damages for violations of their provisions. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II); 18 U.S.C. § 2520(c)(2)(B). Statutory damages under 18 U.S.C. 2520(c)(2)(B)[1] are discretionary. *See* Schmidt v. Devino, 206 F.Supp.2d 301, 306 (D.Conn. 2001). The Court's discretion, however, is limited to either "awarding the full amount of statutory damages or no damages at all." Goodspeed v. Harman, 39 F.Supp.2d 787, 791 n. 6 (N.D.Tex. 1999).

Under 47 U.S.C. § 605(e)(3)(i)(II), aggrieved parties are entitled to statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just . . .." The Second Circuit has typically interpreted a violation as using one PAD. *See e.g.,* Int'l Cablevision, Inc. v. Sykes, 997 F.2d 998, 1007 (2d Cir. 1993).

Here, DIRECTV alleges that Cruz purchased one or more PADs. DIRECTV seeks a default judgment for statutory damages in the amount of $10,000. DIRECTV also argues that the statutory damages are proper because its actual damages cannot be calculated due to Cruz's failure to file an answer and provide discovery. It is undisputed that Cruz has neither appeared before nor provided the court with any reasonable inference, fact or defense to invalidate DIRECTV's entitlement to statutory damages under the statutes.

Accordingly, DIRECTV is entitled to a default judgment against Cruz for statutory damages

---

[1] 18 U.S.C. § 2520(c)(2)(B) states that the "court may assess as damages whichever is the greater the greater of . . . , the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000."

in the amount of $10,000.

**IV.    Attorneys' Fees and Costs**

DIRECTV also seeks recoupment of costs and attorney's fees. Under 47 U.S.C. § 605(e)(3)(B)(iii), a court "shall direct the recovery of full costs, including the award of reasonable attorney's fees to an aggrieved party who prevails." In support, DIRECTV submits an attorney's declaration with attached time records of the work performed in prosecuting the instant action. DIRECTV's submissions are in accordance with the procedural requirements as set forth in New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983).

Courts in the Northern District, however, follow the lodestar method. *See* O'Grady v. Mohawk Finishing Prods., Inc., 1999 WL 309888, at *2 (N.D.N.Y. Jan. 15, 1999). The hourly rate portion of the lodestar should represent the rates prevailing in the Northern District "for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.1, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Until recently, the prevailing rates in the Northern District are $175 per hour for the most experienced attorneys, $125 per hour for attorneys with four or more years of experience, $100 per hour for attorneys with less than four years of experience, and $65 per hour for work done by paralegals. *See, e.g.,* N.Y. State Teamsters Conference Pension & Ret. Fund v. United Parcel Serv., Inc., 2004 WL 437474, at *2 (N.D.N.Y. Feb. 27, 2004). The Northern District has since revised its hourly rates, finding appropriate $210 for experienced attorneys, $150 for associates with more than four years experience, $120 for associates with less than four years experience [and] $80 for paralegals." Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany, 2005 WL 670307, at *6 (N.D.N.Y. Mar. 22, 2005). Based on the foregoing, the court modifies DIRECTV's request for attorney's fees as follows:

**Attorneys' Fees**

5

| Attorney/ Staff Member | Requested Hourly Rate | Requested Hours (approx.) | Requested Amount (approx.) | Allowed Hourly Rate | Allowed Hours | Allowed Amount |
|---|---|---|---|---|---|---|
| Attorney Jones, Amy B. | $300 | 0.2 | $56 | $210 | 0.2 | $42 |
| Attorney Aieta, Mario A. | $400-425 | 0.15 | $61.25 | $210 | 0.15 | $31.50 |
| Attorney Greco, Paul V. | $400 | 2.46 | $984 | $210 | 2.46 | $516.60 |
| Attorney Jacobsen, Daniel | $200-225 | 2.02 | $404 | $150 | 2.02 | $303 |
| Attorney Oster, Steven M. | $350 | 1.51 | $528.50 | $210 | 1.51 | $317.10 |
| Attorney Carrillo, Roberto | $190 | 0.18 | $34.20 | $120 | 0.18 | $21.60 |
| Paralegal Brons, Gwen | $95 | 2.40 | $228 | $80 | 2.40 | $192 |
| Paralegal Gerard, David J. | $110 | 2.26 | $248.60 | $80 | 2.26 | $180.80 |
| Paralegal Ghile, Daniela M. | $95 | 0.21 | $19.95 | $80 | .21 | $16.80 |
| Assistant Woodhouse, Dawn E. | $95 | 0.02 | $1.90 | $80 | 0.02 | $1.60 |
| Assistant Bechutsky, Linda | $95 | 0.31 | $29.45 | $80 | 0.31 | $24.80 |

|  |  |  | Total Attorneys' Fees Requested (approx): $2,595.85<br><br>Total Costs Requested: $48.75 |  |  | Total Attorneys' Fees Allowed: $1,647.80<br><br>Total Costs Allowed: $48.75<br><br>Grand Total: $1,696.55 |
|---|---|---|---|---|---|---|

The Court finds that DIRECTV is entitled to $1,647.80 in attorney's fees plus costs amounting to $48.75. Accordingly, DIRECTV is entitled to a total amount of $1,696.55 for attorney's fees and costs.

## CONCLUSION

**WHEREFORE,** after careful consideration of the file in this matter and the applicable law, and for the reasons stated herein, it is hereby,

**ORDERED,** that DIRECTV's motions for entry of default judgments is **GRANTED**; it is further

**ORDERED,** that the Clerk of the Court enter judgment for DIRECTV against Cruz in the amount of $11,696.55 which is comprised of $10,000 in statutory damages and $1,696.55 in attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: November 21, 2006
Syracuse, New York

_____
Howard G. Munson
Senior U.S. District Judge